NICOLE M. SMITH (CA SBN 189598)
NSmith@mofo.com
ALEX S. YAP (CA SBN 241400)
AYap@mofo.com
DYLAN J. RAIFE (CA SBN 288346)
DRaife@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendants
CB DISTRIBUTORS, INC. and
DR DISTRIBUTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FONTEM VENTURES B.V., A Netherlands company; and FONTEM HOLDINGS 1, B.V., a Netherlands company,<br><br>Plaintiffs,<br><br>v.<br><br>CB DISTRIBUTORS, INC., an Illinois corporation; DR DISTRIBUTORS, LLC, an Illinois limited liability company dba 21ST CENTURY SMOKE, LLC, and DOES 1-5, Inclusive,<br><br>Defendants. | Case No. CV14–08144 GW (MRWx)<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. George H. Wu |

la-1274559

Defendants CB Distributors, Inc. ("CB Distributors"), and DR Distributors, LLC ("DR Distributors") (collectively, "Defendants") hereby answer the First Amended Complaint for Patent Infringement (ECF No. 16, CV14-9266, referenced herein as the "Amended Complaint") filed by Plaintiffs Fontem Ventures B.V. and Fontem Holdings 1 B.V. (collectively, "Fontem") on December 16, 2014 as follows:

**Response to Allegations Contained in "JURISDICTION AND VENUE"**

1. In response to Paragraph 1 of the Amended Complaint, Defendants admit that the Amended Complaint purports to state a claim for patent infringement under "35 U.S.C. §§ 101 et seq., and in particular § 271."

2. In response to Paragraph 2 of the Amended Complaint, Defendants admit that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3. In response to Paragraph 3 of the Amended Complaint, Defendants admit that they conducted business in California and in this district but deny that they "have committed acts of infringement in this judicial district."

4. In response to Paragraph 4 of the Amended Complaint, Defendants do not contest that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), but deny that this venue is convenient under 28 U.S.C. § 1404(a).

**Response to Allegations Contained in "PARTIES"**

5. Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Amended Complaint and therefore deny such allegations.

6. Defendants lack information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Amended Complaint and therefore deny such allegations.

7. In response to Paragraph 7 of the Amended Complaint, Defendants

1

1 admit that CB Distributors is incorporated in the State of Illinois, having a principal
2 place of business at 2500 Kennedy Drive, Beloit, WI 53511.  Defendants further
3 admit that CB Distributors is doing business in this district.  To the extent not
4 expressly admitted, Defendants deny each and every allegation of Paragraph 7.

5       8. In response to Paragraph 8 of the Amended Complaint, Defendants
6 admit that DR Distributors, doing business as 21st Century Smoke, LLC, is
7 incorporated in the State of Illinois, having a principal place of business at 1634
8 Greenmount St., Rockford, IL 61107.  Defendants further admit that DR
9 Distributors is doing business in this district.  To the extent not expressly admitted,
10 Defendants deny each and every allegation of Paragraph 8.

11       9. There are no allegations set forth in Paragraph 9 of the Amended
12 Complaint to which a responsive pleading is required.  To the extent that a
13 responsive pleading is deemed to be required, Defendants lack information
14 sufficient to form a belief as to any allegations contained in Paragraph 9 of the
15 Amended Complaint and therefore deny such allegations.

16 **Response to Allegations Contained in "FIRST CAUSE OF ACTION"**

17       10. Defendants incorporate by reference their responses to Paragraphs 1-9
18 of the Amended Complaint.

19       11. In response to Paragraph 11 of the Amended Complaint, Defendants
20 admit that Plaintiff Fontem Holdings purports to own U.S. Patent No. 8,899,239
21 ("the '239 patent"), but lack information sufficient to form a belief as to whether
22 Plaintiff Fontem Holdings does, in fact, own the '239 patent and therefore denies
23 such allegations.  In further response to Paragraph 11 of the Amended Complaint,
24 Defendants admit that Plaintiff Fontem Ventures purports to be the exclusive
25 licensee of the '239 patent, but lack information sufficient to form a belief as to
26 whether Plaintiff Fontem Ventures is, in fact, the exclusive licensee of the '239
27 patent and therefore denies such allegations.  In further response to Paragraph 11 of
28 the Amended Complaint, Defendants admit that the '239 patent appears to have an

issuance date of December 2, 2014 on the face of the patent, and that a copy of what appears to be the '239 patent is attached as Exhibit A to the Amended Complaint. To the extent not expressly admitted, Defendants deny each and every allegation of Paragraph 11.

12. Defendants admit that they were aware of the '239 Patent as of the date of service of the Amended Complaint. To the extent not expressly admitted, Defendants deny each and every allegation of Paragraph 12.

13. Defendants deny each and every allegation contained in Paragraph 13 of the Amended Complaint.

14. Defendants deny each and every allegation contained in Paragraph 14 of the Amended Complaint.

15. In response to Paragraph 15 of the Amended Complaint, Defendants admit that as of January 16, 2015, the website http://www.21stcenturysmoke.com/How-21st-Century-E-Cigarettes-Work-s/1822.htm contained the following statement: "As you draw through the e-cigarette, an LED light at the end of the rechargeable battery lights up to let you know the e-cigarette is working." To the extent not expressly admitted, Defendants deny each and every allegation of Paragraph 15.

16. Defendants deny each and every allegation contained in Paragraph 16 of the Amended Complaint.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Amended Complaint.

**Response to Allegations Contained in "SECOND CAUSE OF ACTION"**

18. Defendants incorporate by reference their responses to Paragraphs 1-9 of the Amended Complaint.

19. In response to Paragraph 19 of the Amended Complaint, Defendants admit that Plaintiff Fontem Holdings purports to own U.S. Patent No. 8,910,641 ("the '641 patent"), but lack information sufficient to form a belief as to whether

3

Plaintiff Fontem Holdings does, in fact, own the '641 patent and therefore denies such allegations. In further response to Paragraph 19 of the Amended Complaint, Defendants admit that Plaintiff Fontem Ventures purports to be the exclusive licensee of the '641 patent, but lack information sufficient to form a belief as to whether Plaintiff Fontem Ventures is, in fact, the exclusive licensee of the '641 patent and therefore denies such allegations. In further response to Paragraph 19 of the Amended Complaint, Defendants admit that the '641 patent appears to have an issuance date of December 16, 2014, and that a copy of what appears to be the '641 patent is attached as Exhibit B to the Amended Complaint. To the extent not expressly admitted, Defendants deny each and every allegation of Paragraph 19.

20. Defendants deny each and every allegation contained in Paragraph 20 of the Amended Complaint.

21. Defendants deny each and every allegation contained in Paragraph 21 of the Amended Complaint.

22. Defendants deny each and every allegation contained in Paragraph 22 of the Amended Complaint.

### Response to "PRAYER FOR RELIEF"

Plaintiffs' Prayer for Relief does not state an allegation to which a responsive pleading is required. To the extent that Plaintiffs' Prayer for Relief is construed to include any allegations, Defendants deny that Plaintiffs are entitled to any relief in this action and ask the Court to deny any and all of the relief requested by Plaintiffs in their Amended Complaint.

### ADDITIONAL DEFENSES

Defendants hereby assert the following separate additional defenses to the claims and allegations contained in Plaintiffs' Amended Complaint, without admitting or acknowledging that Defendants bear the burden of proof as to any of them. Defendants reserve the right to seek leave to amend their Answer to plead

4

additional defenses and counterclaims and/or to supplement their existing defenses if information developed through discovery, trial, or otherwise merits such additional defenses, counterclaims, or supplementation.

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

1. Plaintiffs' claims for alleged infringement of the patents-in-suit fail to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE
### (Noninfringement)

2. Defendants have not infringed and do not infringe any valid claim of the patents-in-suit, literally or under the doctrine of equivalents, directly, contributorily, or by inducement.

### THIRD ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

3. By reason of statements and claim amendments made by or on behalf of the applicant during the prosecution of the application that led to the issuance of the patents in suit, Plaintiffs may be estopped from asserting a scope for the asserted claims of the patents in suit that would cover Defendants' allegedly infringing products.

### FOURTH ADDITIONAL DEFENSE
### (Invalidity)

4. Upon information and belief, the claims of the patents in suit are invalid for one or more reasons under 35 U.S.C. §§ 102, 103, and/or 112.

### FIFTH ADDITIONAL DEFENSE
### (Limitation on Damages – 35 U.S.C. § 287(a))

6. To the extent that Plaintiffs have made any patented products or licensed others to do so between the respective issuance date of the patents-in-suit and the filing of this lawsuit on December 16, 2014, and has not marked such

5

la-1274559

products or required its licensees to mark, Plaintiffs' claims for relief against Defendants and prayer for damages from Defendants may be limited under 35 U.S.C. § 287(a) because of Plaintiffs' failure to provide adequate pre-filing notice of alleged infringement to Defendants.

### SIXTH ADDITIONAL DEFENSE
### (Limitation on Recovery of Costs – 35 U.S.C. § 288)

7. To the extent that one or more claims of the patents-in-suit are invalidated during this action, Plaintiffs will be precluded from recovering its costs under 35 U.S.C. § 288 even if it is deemed the prevailing party because of Plaintiffs' failure to disclaim invalid claims before filing this lawsuit.

### SEVENTH ADDITIONAL DEFENSE
### (No Entitlement To Injunctive Relief)

8. Plaintiffs are not entitled to injunctive relief as they have, at a minimum, no irreparable injury and an adequate remedy at law for Defendants' alleged infringement of the patents in suit. Plaintiffs will be unable to establish that (1) they have suffered any injury, let alone an irreparable injury; (2) remedies available at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully demand judgment on Plaintiffs' Amended Complaint as follows:

A. That Plaintiffs take nothing and be denied any relief whatsoever;

B. That the Amended Complaint be dismissed on the merits and with prejudice;

C. That Defendants be awarded the costs incurred by them in connection with this action;

la-1274559

D.   That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Defendants be awarded their reasonable attorneys' fees; and

E.   That Defendants be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Dated:   January 16, 2014

NICOLE M. SMITH
ALEX S. YAP
DYLAN J. RAIFE
MORRISON & FOERSTER LLP

By: /s/ Nicole M. Smith
   Nicole M. Smith

Attorneys for Defendants
CB DISTRIBUTORS, INC. and
DR DISTRIBUTORS, LLC

7

la-1274559